UNITED STATES BANKRUTPCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: ) | CHAPTER 7 | |
| ) | | |
| ATHEROTECH, INC., ) | Case No. 16-00909-TOM-7 | |
| ) | | |
| Debtors. ) | Jointly Administered | |

| | | |
|---|---|---|
| THOMAS E. REYNOLDS, in his capacity ) | | |
| as Chapter 7 Trustee of the estate of ) | | |
| Atherotech Holdings, Inc. and Atherotech, ) | | |
| Inc., ) | Adversary Proceeding No.: | |
| ) | 17-00100 | |
| Plaintiff, ) | | |
| v. ) | | |
| ) | | |
| GRANT BEHRMAN, MICHAEL COBBLE, ) | | |
| MD, ROBERT FLAHERTY, LES HRIC, ) | | |
| JAMES MCCLINTIC, MICHAEL ) | | |
| MULLEN, CHARLES MUSIAL, THOMAS ) | | |
| PERLMUTTER, SCOTT REZEK, ) | | |
| ROBERT SHUFFLEBARGER, L. PETER ) | | |
| SMITH, ROD VAN WAGONER, and ) | | |
| MARK VISSER, FICTITIOUS ) | | |
| PARTY "A", ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Motion to Abstain or Remand (the "Motion to Remand") filed by the Chapter 7 trustee, Thomas E. Reynolds (the "Trustee") (Doc. No. 36), the Defendants Grant Behrman, Robert Flaherty, Thomas Perlmutter, and Mark Visser's Memorandum in Opposition to the Trustee's Motion to Abstain or Remand (Doc. No. 44), the Trustee's Response in Opposition to the Trustee's Motion to Remand or Abstain on Behalf of the Officer Defendants (Doc. No. 45), the Defendants James McClintic and L. Peter Smith's Memorandum in Opposition to the Trustee's Motion to Abstain or Remand (Doc. No. 46), and the

1

Omnibus Reply in Support of Motion to Abstain or Remand filed by the Trustee (Doc. No. 48).

Appearing at the hearing were Daniel D. Sparks and Bill D. Bensinger, attorneys for the Trustee; Robert E. Battle, attorney for James McClintic and L. Peter Smith; Richard D. Batchelder, Jayna Partain Lamar and John A. Earnhardt, attorneys for Grant Behrman, Mark Visser, Robert Flaherty and Thomas Perlmutter; and Michael T. Sansbury, attorney for Charles Musial, Les Hric, Michael Cobble, Michael Mullen, Robert Shufflebarger, Rod Van Wagoner and Scott Rezek. The sole issue is whether there should be a change of venue for this adversary proceeding through remand or abstention to the Circuit Court of Jefferson County, Alabama (the "State Court").

This Court has jurisdiction of the removed cause of action pursuant to 28 U.S.C. § 1334(b), 151, and 157(a) (1994) and the United States District Court for the Northern District of Alabama's (the "District Court") General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984 (the "amended General Order of Reference").[1] This is a core proceeding arising in a case under title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(1) and (2)(A).[2] *Twyman v. Weldo, Inc.*, 204 B.R. 1006, 1011 n. 4 (Bankr. N.D. Ala. 1996) ("while a bankruptcy court may ultimately determine that a civil action is itself a non-core matter, the determinations of whether the removal of that action was proper, whether the bankruptcy court should abstain in the matter or whether the matter should be remanded to the state court, are themselves core matters."). In deciding whether to abstain or to remand this Court has considered the pleadings and briefs, the

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 states:
> The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. § 157(b)(2)(A) provides:
> (b)(2)Core proceedings include, but are not limited to--
> (I) matters concerning the administration of the estate[.]

2

Case 17-00100-TOM    Doc 52    Filed 12/20/17    Entered 12/20/17 14:42:08    Desc Main
Document      Page 2 of 15

arguments of counsel, and the law. Accordingly, this Court finds and concludes as follows.[3]

## I. FINDINGS OF FACT[4]

On March 4, 2016, Atherotech, Inc. "(Atherotech") and Atherotech Holdings, Inc. ("Holdings" and together with Atherotech, the "Debtors") filed voluntary petitions for relief under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in this Court (collectively, the "Bankruptcy Cases").[5] On September 13, 2016, the Court entered an order authorizing the joint administration of the Bankruptcy Cases (Doc. No. 422).[6]

This adversary proceeding arises from a complaint (the "Complaint") filed by Thomas E. Reynolds, in his capacity as Chapter 7 trustee of the Debtors' estates, in the State Court on August 18, 2017, Case No. 01-CV-2017-903477.00 (the "D&O Action"). The Complaint asserts claims for breach of fiduciary duty and other related causes of action against the Debtors' former directors and officers. The Trustee demanded a trial by jury in the Complaint.

On September 15, 2017, the Defendants filed a Notice of Removal removing the D&O Action to this Court pursuant 28 U.S.C. § 1452(a) on the ground that the D&O Action is "related to" the Bankruptcy Cases (Adv. Doc. No. 1). The Trustee filed a Motion to Abstain or Remand on

---

[3]This Memorandum Opinion and Order constitutes findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52 made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7052.

[4]Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of the contents of its own files. *See IT Rayonier, Inc. v. U.S.,* 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[5]*In re Atherotech, Inc.*, Case No. 16-00909-TOM-7 (Bankr. N.D. Ala.) and *In re Atherotech Holding, Inc.*, Case No. 16-00910-TOM-1 (Bankr. N.D. Ala.).

[6]The Court will refer to the documents in the main bankruptcy case by docket numbers only. When referring to documents in the adversary proceeding, the Court will precede the docket number with "Adv."

3

Case 17-00100-TOM    Doc 52    Filed 12/20/17    Entered 12/20/17 14:42:08    Desc Main
Document    Page 3 of 15

October 13, 2017, requesting that the Court either abstain under 28 U.S.C. § 1334(c)(1) or (2) or remand pursuant to 28 U.S.C. § 1452(b) (Adv. Doc. No. 36). On November 6, 2017, the Defendants filed various Oppositions to the Motion to Abstain or Remand (Adv. Doc. Nos. 44, 45 and 46).

The facts pertinent to the Complaint are as follows. Atherotech was a Delaware corporation headquartered in Jefferson County, Alabama, that specialized in manufacturing certain blood tests for measuring blood cholesterol and other risk factors related to cardiovascular disease (the "VAP Test"). Behrman Capital Fund IV, L.P. ("Behrman Capital"), a private equity fund, was the majority owner of Holdings. On December 23, 2010, Holdings acquired Atherotech. Atherotech allegedly paid healthcare providers that ordered the VAP Test without regard to the providers' actual out-of-pocket expenses. In September 2012, the U.S. Department of Justice (the "DOJ") began investigating Atherotech's practice and policy of making payments to the healthcare providers (the "DOJ Investigation"). On June 28, 2013, Atherotech declared a dividend to Holdings, and Holdings, in turn, declared a dividend to its shareholders, including Behrman Capital (the "Dividend Recap").

In the Complaint, the Trustee asserts the following derivative claims against the Defendants: (1) gross wantonness and negligence; (2) breach of fiduciary duty; (3) breach of fiduciary duty under the "Trust Fund Doctrine;" (4) waste of corporate assets; (5) liability for payment of unlawful dividends under Delaware Code § 174; and (6) unjust enrichment. All of the claims are premised upon state law and center on the legality of the Dividend Recap and the actions taken by the Defendants to ensure Atherotech's compliance with federal law in connection with the VAP Test. Specifically, the Trustee alleges that the Defendants knew or should have known that the Debtors' business practices were being investigated by the DOJ and, despite the DOJ

4

Investigation, the Defendants made the decision to continue the policy and practice of making payments to the healthcare providers that ordered the VAP Test without regard to their actual out-of-pocket expenses. The Trustee also asserts that the Dividend Recap caused or contributed to cause the Debtors to become balance-sheet insolvent and lead to the filing of the Bankruptcy Cases.

Prior to filing the Motion to Remand, the Trustee filed a Motion for Examination of Behrman Capital pursuant to Fed. R. Bankr. P. 2004 (Doc. 812) (the "Rule 2004 Motion") seeking to obtain documents and oral testimony from Behrman Capital concerning the DOJ Investigation and the Dividend Recap. As one of the grounds for the Rule 2004 Motion, the Trustee maintained that the Dividend Recap was a fraudulent transfer subject to avoidance pursuant to §§ 544 and 548 of the Bankruptcy Code. As of this date, the Trustee has not filed a fraudulent transfer action against Behrman Capital.

## II. CONCLUSIONS OF LAW

**A.** *Removal of the State Action.*

The Trustee initiated this action on August 18, 2017, in the State Court. The Defendants filed the Notice of Removal with this Court on September 15, 2017 (Adv. Doc. No. 1). The Defendants timely filed the Notice of Removal.[7] The Trustee has not alleged any procedural defect in the Defendants' Notice of Removal or the timeliness with which it was filed. Therefore, the Court concludes that the D&O Action was properly and timely removed.

---

[7] FED .R. BANKR. P. 9027(a)(3) provides:
> If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

**B. *Jurisdiction of the Removed Proceeding.***

Jurisdiction is defined as "the power of the court to decide a matter in controversy and presupposes the existence of a duly constituted court with control over the subject matter and the parties." BLACK'S LAW DICTIONARY 853 (6th ed. 1990) (citation omitted). The Court has previously stated that jurisdiction "is the authority of a court to adjudicate the legal dispute before it." *In re Adams Produce Co., LLC v. Frost Cummings Tidwell Group, LLC (In re Adams Produce Co., LLC)*, No. 12-02036-TOM-11, AP. No. 12-00138-TOM, 2013 WL 542472, at *1 (Bankr. N.D. Ala. Feb. 12, 2013) (citing *A.B. Real Estate, Inc. v. Bruno's, Inc. (In re Bruno's)*, 227 B.R. 311, 320 (Bankr. N.D. Ala. 1998)).

Bankruptcy courts derive their jurisdiction by a conjunctive reading of three federal statutes enacted by Congress as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 codified in 28 U.S.C. §§ 1334, 151 and 157. *In re Adams Produce*, 2013 WL 542472, at *2. Determining that the action falls within the ambit of either §§ 1334 (a) and (b) is the first step in establishing jurisdiction. *Id.*

Federal district courts have original and exclusive jurisdiction of all cases under title 11. 28 U.S.C. § 1334(a).[8] Additionally, federal district courts have original but not exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).[9] *Id.* Thus, as noted in *Wood v. Wood (In re Wood)*, 825 F.2d 90

---

[8] 28 U.S.C. § 1334(a) provides:
> Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

[9] 28 U.S.C. § 1334(b) provides:
> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or

6

Case 17-00100-TOM    Doc 52    Filed 12/20/17    Entered 12/20/17 14:42:08    Desc Main
Document    Page 6 of 15

(5th Cir. 1987):

> Section 1334 lists four types of matters over which the district court has jurisdiction:
>
> 1. "cases under title 11",
>
> 2. "proceedings arising under title 11",
>
> 3. proceedings "arising in" a case under title 11, and
>
> 4. proceedings "related to" a case under title 11.

*In re Wood*, 825 F.2d at 92. *See also Wortley v. Bakst*, 844 F.3d 1313, 1318 (11th Cir. 2017)("[t]he bankruptcy jurisdiction of the district courts extends to 'all civil proceedings arising under title 11 of title 11 [of the U.S. Code], or arising in or related to cases under title 11.'") (citing 28 U.S.C. § 1334(b)).

"The first category refers merely to the bankruptcy petition itself, over which district courts (and their bankruptcy units) have original and exclusive jurisdiction." *In re Wood*, 825 F.2d at 92. Proceedings "arising under title 11" are those that "involve a cause of action created or determined by a statutory provision of title 11." *Id.* at 96. The phrase proceedings "arising in" a case under title 11 seems to reference to those "'administrative' matters that arising *only* in bankruptcy cases … [and] would have no existence outside of bankruptcy.'" *Id.* at 97 (emphasis in original). *See also Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999); *Lawrence .v Goldberg*, 573 F.3d 1265, 1270-71 (11th Cir. 2009). "Related to" proceedings are those proceedings not falling into any other three categories but the outcome of which "'*conceivably* have any effect on the estate being administered in bankruptcy.'" *In re Wood*, 825 F.2d at 93 (emphasis in original) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.

---

related to cases under title 11.

7

1984)). It is not necessary to distinguish between these four categories for the purpose of determining whether a particular matter falls within bankruptcy jurisdiction as "these references operate conjunctively to define the scope of jurisdiction." *Id*. at 94. "Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy."[10] *Id.*

In *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit Court of Appeals adopted the standard for "related to" jurisdiction as set out in *Pacor*:

> "The usual articulation of the test for determining whether a civil action proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

*Lemco Gypsum*, 910 F.2d at 788 (quoting *Pacor*, 743 F.2d at 994). *See also Wortley,* 844 F.3d at 1319 ("related non-core proceedings can be quite broad, encompassing matters that 'could conceivably have an effect on the estate being administered in bankruptcy.'") (quoting same). Under the Eleventh Circuit's broad interpretation of "related to jurisdiction," the derivative claims brought by the Trustee in the D&O Action could conceivably have an impact on the estate being administered in bankruptcy. An award of damages would certainly have an effect on the Debtors' bankruptcy estates. If successful, the creditors stand to benefit from the proceeds of the suit. Accordingly, the Court finds that the D&O Action is sufficiently "related to" the bankruptcy case

---

[10] As the Eleventh Circuit has noted, "[t]he 'related to' connection has been described as 'the minimum for bankruptcy jurisdiction.'" *In re Toledo*, 170 F.3d at 1345 (quoting E. Scott Fruehwald, *The Related to Subject Matter Jurisdiction of Bankruptcy Courts*, 44 DRAKE L.REV. 1, 7 (1995)).

8

so as to fall within § 1334. *See Superior Bank v. Hilsman (In re Hilsman)*, 351 B.R. 209, 215-216 (Bankr. N.D. Ala. 2006).

Having concluded that the D&O Action is covered by § 1334, this Court proceeds in its jurisdictional inquiry. Section 151 of title 28 designates that the bankruptcy judges in each federal district constitute an unit of the district court and that each bankruptcy judge has authority to preside over "any action, suit or proceeding" as defined in §§ 151-158. 28 U.S.C. § 151.[11] Further, 28 U.S.C. § 157(a) provides that each district court may refer any or all bankruptcy cases and proceedings to the bankruptcy judges for the district. 28 U.S.C. §157.[12] Pursuant to this authority, the District Court issued the amended General Order of Reference which provides for an automatic referral of all cases and proceedings in cases under the Bankruptcy Code to the bankruptcy court. Thus, in this district, all bankruptcy cases and proceedings should be filed directly with the bankruptcy court. *Irwin v. Beloit (In re Harnischfeger Indus., Inc.)*, 246 B.R. 421, 431 (Bankr. N.D. Ala. 2000) (citing *St. Vincent's Hosp. v. Norrell (In re Norrell)*, 198 B.R. 987, 992 n.3 (Bankr. N.D. Ala. 1996) ("all notices of removal are properly filed in this Court.")). Therefore, pursuant to 28 U.S.C. §§ 1334, 151, 157 and the amended General Order of Reference, this Court has

---

[11] 28 U.S.C. § 151 provides:
> In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or by order of the district court.

[12] 28 U.S.C. § 157(a) provides:
> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for that district.

9

jurisdiction over the removed cause of action, which is now an adversary proceeding in bankruptcy. *Accord Bruno's*, 227 B.R. at 321. That determination having been made, the Court must now consider whether it is proper to exercise the jurisdiction which exists over the removed case.

**C.** *Remand to the Circuit Court of Jefferson County***.**

Removed cases are transferred back to state courts via remand. 28 U.S.C. § 1452(b).[13] Remand may be based upon "any equitable ground." *Heatherwood Holdings, LLC v. Heatherwood Holding, LLC, (In re Heatherwood),* No. 09-00076, AP No. 09-00004, 2009 WL 1767642, at *4 (Bankr. N.D. Ala. June 22, 2009, as amended June 24, 2009). The equitable grounds include forum non conveniens, a state court's heightened ability to deal with questions of state law, the expertise of a particular court, the duplicative or uneconomic effort of judicial resources in two forums, prejudice to involuntarily removed parties, comity considerations and the lessened possibility of inconsistent results. *Id.* (citing *Glover v. Midland Mortg. Co. of Okla.* 228 B.R. 293, 313 (N.D. Ala. 1998); *Thomasson v. AmSouth Bank*, 59 B.R. 997 (N.D. Ala. 1986); *In re Irwin*, 325 B.R. 22, 28 (Bankr. M.D. Fla. 2005); *Twyman*, 204 B.R. at 1019; and *Royal v. Daihatsui (In re Royal)*, 197 B.R. 341, 350 (Bankr. N.D. Ala. 1996)). Abstention principals may also be considered in deciding a motion to remand.[14] *Id*. These factors will be considered in turn.

---

[13]28 U.S.C. § 1452(b) provides:
> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 or this title.

[14]The three mandatory abstention requirements which may also be considered are: (1) the proceeding is based on a state law claim which, although related to a title 11 case, does not arise under title 11 or out of a title 11 case, (2) the proceeding could have not been commenced in federal

*Forum non conveniens.* Forum non conveniens is not a factor in this proceeding because both the State Court and this Court are located in Birmingham, Jefferson County, Alabama. Hence, neither location is more convenient than the other. *See In re Adams Produce,* 2013 WL 542472, at *4; *In re Royal*, 197 B.R. at 350 ("[t]here is no greater convenience of this forum from that of the state court sitting in this county.").

*State court's heightened ability to deal with issues of state law, and expertise of a particular court.* These two factors weigh in favor of remand. The Trustee's claims are based *solely* on state law and are of the kind typically tried in state court. These types of state law actions are rare in bankruptcy courts. While the action does not appear to implicate especially difficult or novel issues of state law, the parties would be better served by allowing a state court to decide familiar state law issues while this Court hears matters within its own expertise. *See In re Adams Produce,* 2013 WL 542472, at * 4; *In re Heatherwood*, 2009 WL 1767642, at *5; and *In re Hilsman*, 351 B.R. at 216.

*Duplicative or uneconomic effort of judicial resources in two forums*. Defendants' primary argument in opposition to remand is hinged on the Trustee's *anticipated* fraudulent conveyance action against Behrman Capital. Specifically, the Defendants assert that *if* the Trustee files a fraudulent conveyance action against Behrman Capital there will be substantial overlap with the legal and factual issues in that action and the D&O Action. The Defendants aver that maintaining the D&O Action in this Court would promote judicial efficiency and consistency, because it would allow cases with interwoven factual and legal issues to be tried in the same forum before the same judge rather than proceeding in different courts. While the legal and factual issues in this action

---

court but for bankruptcy, and (3) the state court can timely adjudicate the cause of action. 28 U.S.C. § 1334(c)(2)).

11

could potentially overlap with the *anticipated* fraudulent conveyance action, the Court must rule on the Motion to Remand based on the current status of this case. The Court cannot focus on contingent, future events that may or may not occur. At this time, the Trustee has not filed a fraudulent conveyance action against Behrman Capital. Hence, the Court rejects the Defendants' argument and finds that the Trustee's *anticipated* fraudulent conveyance claim does not support maintaining the D&O Action in this Court.

Additionally, retaining the case in this Court would be unnecessarily wasteful. In this district, bankruptcy judges may conduct jury trials with the consent of all parties. *See* District Court's General Order of Reference Dated July 16, 1984, As Amended July 17, 1994, dated January 12, 1995.[15] *See also* 28 U.S.C. §157(e);[16] and *Bishop v. Gamble (In re Bishop)*, No. 03-80636, AP No. 08-40078, 2009 WL 348844, at *7 n.18 (Bankr. N.D. Ala. Feb. 6, 2009) ("[b]ankruptcy judges for this district are specifically designated to conduct jury trials in accordance with 28 U.S.C. § 157(e).") (citation omitted). If there is no consent, the practice is for the bankruptcy court to retain the action until after all pre-trial proceedings have taken place and then certify the action to the district court for trial. *Wortley*, 844 F.3d at 1318 ("[i]f the parties in a non-core proceeding do not consent to the bankruptcy court's exercise of final adjudicatory

---

[15]The General Order of Reference Dated July 16, 1984, As Amended July 17, 1994, dated January 12, 1995, states:
> On behalf of the other judges of this court, the Bankruptcy Judges for this district are specifically designated to conduct jury trials in accordance with 28 U.S.C. § 157(e).

[16]28 U.S.C. § 157(e) provides:
> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specifically designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

12

authority, the bankruptcy court must prepare proposed findings of fact and/or conclusions of law for the district court to review *de novo*."). *See also Twyman*, 204 B.R. at 1021 (citing *City Fire Equip. Co., Inc. v. Ansul Fire Prot. Wormald, U.S., Inc.*, 125 B.R. 645, 650 (N.D. Ala. 1989)). The district court would then be required to educate itself on the particulars of this action of which this Court is already aware. This would be a duplicative and inefficient use of judicial resources. Given the possibility of duplication if the action is not remanded, the Court views this factor as favorable to remand because presumably the same state trial court would handle all discovery issues, pre-trial matters and the trial itself, thus eliminating duplication. *See Wilson v. Alfa Co. (In re Wilson)*, 207 B.R. 241, 249 (Bankr. N.D. Ala. 1996) ("it is clear that the most economic use of judicial time is for the same court which becomes familiar with the facts in pretrial to hear the case at trial before a jury."). At this early stage, it is unclear if all parties will consent to a jury trial before this Court. Again, this Court must rule based on the present status of the action and there is no consent. Additionally, if the Court considers judicial economy important, the reality is that a jury trial in state court is routine and causes no disruption to its daily business. A jury trial in bankruptcy court is not routine, it requires more effort and time and, in the Court's view, is an uneconomic judicial effort if the State Court can timely adjudicate the action.[17]

*Prejudice to involuntarily removed parties and comity considerations*. These factors also point to remand. The Trustee has requested a state court jury trial. As stated above, state courts routinely preside over jury trials and bankruptcy courts do not. The jury panels for federal district courts (or bankruptcy courts) are different than panels in state courts. Thus, there is a potential for prejudice against the Trustee if this action is not remanded in that the Trustee may have a different

---

[17]No testimony or evidence was submitted to show that the State Court cannot timely adjudicate this action.

13

jury pool than the one originally sought with a court less experienced in jury trials. *See In re Adams Produce,* 2013 WL 542472, at 4; *In re Hilsman*, 351 B.R. at 217. As Judge Cohen has noted "'[d]emands for jury trials in non-core proceedings have been considered a sufficient ground for an equitable remand.'" *Twyman*, 204 B.R. at 1020 (quoting *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 409 (S.D.N.Y. 1991)).

Comity considerations also lean toward remand. This is a state law matter. There has been no showing that the State Court cannot timely adjudicate this matter upon its remand. Therefore, in the interests of comity, this Court finds that remand to the State Court would be appropriate. *In re Hilsman*, 351 B.R. at 217; *In re Royal,* 197 B.R. at 350.

*The lessened possibility of inconsistent results.* The Defendants argue that there is a possibility of inconsistent results if this Court remands the D&O Action to the State Court and the Trustee brings the *anticipated* fraudulent conveyance claim against Behrman Capital in this Court. As stated above, the Court must focus on the present posture of the case. Currently, there is no fraudulent conveyance claim pending in this Court. Consequently, the argument advanced by the Defendants fails.

The factors borrowed from mandatory abstention all weigh in favor of remand as well. As already discussed, the state law claims are related to the Bankruptcy Cases but do not arise under or out of them. The D&O Action could not have been brought in federal court but for the Bankruptcy Cases, as there is no federal question or diversity jurisdiction involved. And finally, there has been no showing that the State Court cannot timely adjudicate this action. *See In re Adams*, 2013 WL 542472, at *5.

14

Case 17-00100-TOM    Doc 52    Filed 12/20/17    Entered 12/20/17 14:42:08    Desc Main
Document      Page 14 of 15

D. *Abstention.*

The Trustee requested that the Court remand the D&O Action to the State Court or to, alternatively, abstain from hearing the D&O Action. Because the Court has found that remand is proper in this instance, it is unnecessary to address the parameters of 28 U.S.C. § 1334(c) and the doctrine of abstention. Therefore, the Court will not discuss or rule on the alternative relief requested by the Trustee.

### III. CONCLUSION

Based on these findings and conclusions, the circumstances of this proceeding indicate that the Motion to Remand is due to be granted. Therefore, this action is due to be remanded to the Circuit Court of Jefferson County, Alabama. Accordingly, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Motion to Remand is **GRANTED.** The Clerk's office is directed to remand this action to the Circuit Court of Jefferson County, Alabama, after time for appeal has expired.

Dated this the 20th day of December 2017.

/s/ Tamara O. Mitchell_____
TAMARA O. MITCHELL
United States Bankruptcy Judge